UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JOHNNY HAMBURG** | **CIVIL ACTION NO. 3:12-cv-2944** |
|     **LA. DOC #483790** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN ALVIN JONES** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Johnny Hamburg, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on November 20, 2012. Petitioner attacks his 2010 manslaughter conviction in the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provision of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

Petitioner was charged with second degree murder. On October 5, 2010, he apparently entered into a plea agreement and pled guilty to the lesser offense of manslaughter. He was thereafter sentenced to serve 25 years at hard labor. [Doc. 1, ¶ 1-7; Doc. 1, p. 5] He did not appeal his conviction or sentence [Id., ¶ 8-9] On some unspecified date, he filed an application for post-conviction relief in the Fourth Judicial District Court raising two claims – the denial of due process and ineffective assistance of counsel. His application was denied on July 18, 2011. [Doc. 1, ¶ 10-11] His applications for review were denied by the Second Circuit Court of Appeals on October 13, 2011 [Id.] and by the Supreme Court on June 1, 2012. *State of Louisiana*

*ex rel. Johnny Hamburg v. State of Louisiana*, 2011-2364 (La. 6/1/2012), 90 So.3d 431.

He filed the instant petition on November 20, 2012. He claims that his guilty plea was involuntary because the trial court "failed to inform him of the nature of LSA R.S.14:31" and, that he received ineffective assistance of counsel when counsel failed to comply with La. C.Cr.P. art. 881.1 by failing to file a motion to reconsider sentence. [Doc. 1, p. 5]

On January 23, 2013, the undersigned completed an initial review of the pleadings and directed petitioner to provide additional information so that the initial review could be completed.[1] On February 20, 2013, petitioner requested additional time within which to submit the requested documents. [Doc. 6] Petitioner's motion was granted and he was given until April 5, 2013, to comply with the January 23rd order. [Doc. 7] Notwithstanding the extension of time to comply, petitioner has not responded to the order or otherwise corresponded with the Court to request additional time.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v.*

---

[1] Petitioner was directed to provide the following documents on or before April 4, 2013:
1. A copy of the plea agreement and the transcript of the guilty plea and sentencing colloquy;
2. A **DATED** copy of his application for post-conviction relief filed in the Fourth Judicial District Court;
3. A copy of the trial court's reasons for judgment denying post-conviction relief;
4. A copy of the application for writs filed in the Second Circuit Court of Appeals under Docket Number 46,973-KH, and, a copy of the Second Circuit's Judgment and Notice of Judgment denying relief; and,
5. A **DATED** copy of petitioner's application for writs filed in the Louisiana Supreme Court on Collateral Review under Docket Number 2011-2364. [Doc. 5]

*Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Petitioner's failure to abide by an order of the court warrants dismissal of the complaint.[2] Therefore,

**IT IS RECOMMENDED** that the instant petition for writ of *habeas corpus* be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

---

[2]The undersigned further finds that to the extent that 28 U.S.C. §2244(d) may bar petitioner from re-filing the instant petition, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, petitioner has apparently ignored a specific court order directing him to amend his complaint. He requested and was granted additional time within which to comply and yet he has still failed to provide the information requested. Indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his Motion on February 20, 2013. Further, as noted above, petitioner has a history of failing to comply with court orders.

**Finally, this is a recommendation. Petitioner may object to this recommendation and if he does, he is encouraged to demonstrate good cause for his failure to abide by the January 23, 2013, memorandum order and to submit the documents, exhibits, and information therein requested.**

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, May 3, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE